IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20428
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME GUERRERO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-50-2
- - - - - - - - - -
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jaime Guerrero appeals his conviction for: 1) conspiracy to use and carry a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1) and 924(o); 2) carjacking resulting in serious bodily injury, 18 U.S.C. § 2119(2); 3) using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c); and 4) carjacking resulting in death, 18 U.S.C. § 2119(3). As his sole issue on appeal, Guerrero asserts that the carjacking statute, 18 U.S.C. § 2119, is an unconstitutional exercise of Congressional

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authority under the Commerce Clause.  We have reviewed the record and the briefs of the parties, and we find no reversible error.

Guerrero's constitutional challenge to § 2119 is foreclosed by this court's opinion in United States v. Coleman, 78 F.3d 154 (5th Cir. 1996).  In Coleman, this court specifically upheld § 2119 as a valid exercise of Congress's Commerce Clause powers. Id. at 158-59.

Guerrero's assertion that two recent Supreme Court decisions affect this court's analysis of the issue is unavailing.  The Supreme Court did not address § 2119 in either of the cases on which Guerrero relies, United States v. Morrison, 120 S. Ct. 1740 (2000), and Jones v. United States, 120 S. Ct. 1904 (2000).  In Jones, the Court held that 18 U.S.C. § 844(i) could not apply to federalize an arson of a private residence because that statute applied only to property "used in commerce or an activity affecting commerce."  120 S. Ct. at 1912.  In Morrison, the Court struck down a portion of the Violence Against Women Act, 42 U.S.C. § 13981, because it did not regulate any activity that substantially affected interstate commerce and did not contain a jurisdictional element.  120 S. Ct. at 1751.

The instant case is distinguishable from Jones and Morrison because of § 2119's specific jurisdictional element, i.e, that the stolen car "moved" or was "in or affecting" commerce. Guerrero does not cite any authority indicating this court's jurisprudence regarding § 2119's minimal interstate nexus requirement has been disturbed by Jones or Morrison.

Because the sole issue Guerrero raises on appeal is without merit, his conviction is AFFIRMED.